[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11442

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LARRY BYRD, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:06-cr-00099-DHB-BKE-1

_____

Before LUCK, LAGOA and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Larry Byrd, Jr., a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018.[1]  On appeal, Byrd argues that the district court abused its discretion when it found that his medical conditions were not extraordinary and compelling reasons for compassionate release, and it abused its discretion when it found that no factor under 18 U.S.C. § 3553(a) warranted a sentence reduction or release. Having read the parties' briefs and reviewed the record, we affirm the district court's order denying Byrd's motion for compassionate release.

## I.

We review *de novo* a district court's determination about a defendant's eligibility for an 18 U.S.C. § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021), *cert. denied*, ___ U.S. ___, 142 S. Ct. 583 (2021).  However, we review a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion under an abuse of discretion standard.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

that are clearly erroneous." *Id.* (quotation marks omitted).  We can affirm for any reason supported by the record.  *United States v. Chitwood*, 676 F.3d 971, 976 (11th Cir. 2012).

## II.

In the context of compassionate release, the statute requires exhaustion of remedies and otherwise provides that a district court may grant a defendant's motion for a sentence reduction if, after considering the 18 U.S.C. § 3553(a) factors, the district court finds that extraordinary and compelling reasons warrant such a reduction and that a reduction is consistent with applicable policy statements in the Sentencing Guidelines.  18 U.S.C. § 3582(c)(1)(A).  We have held that the policy statement set forth in § 1B1.13 of the Sentencing Guidelines is applicable to all motions under 18 U.S.C. § 3582(c)(1)(A).  *Bryant*, 996 F.3d at 1262.  Accordingly, a district court "may not reduce a sentence under [§] 3582(c)(1)(A) unless a reduction would be consistent with § 1B1.13."  *Id.*

Section 1B1.13 of the Sentencing Guidelines, in turn, requires the district court to find that the defendant is not a danger to the safety of any other person or to the community.  U.S.S.G. § 1B1.13(2).  Altogether, then, § 3582(c)(1)(A) imposes three conditions before a court may award a sentence reduction: (1) there must be extraordinary and compelling reasons for doing so; (2) the reduction must be supported by the § 3553(a) factors; and (3) granting a sentencing reduction must not endanger any person or the

community within the meaning of § 1B1.13's policy statement. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). Because each condition is necessary, the failure to satisfy one condition warrants denial of a motion for a sentence reduction. *See id.* at 1237–38. We have also held that if the district court finds that one of the compassionate release conditions is not satisfied, it is not an abuse of discretion for the district court to skip assessment of another condition. *Id.* at 1238. Furthermore, we have held that nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a district court to conduct the compassionate release analysis in any specific order. *Id.* at 1237.

When reviewing a motion for compassionate release, the district court must consider the § 3553(a) factors but does not have to exhaustively analyze each § 3553(a) factor or articulate its findings with minute detail. *Id.* at 1241. However, the district court must provide enough analysis that an appellate court can meaningfully review the factors' application. *Id.* An acknowledgement from the district court that it has considered the § 3553(a) factors and the parties' arguments is ordinarily sufficient. *Id.*; *United States v. Taylor*, 997 F.3d 1348, 1354–55 (11th Cir. 2021). In addition, the weight to give any specific § 3553(a) factor, whether great or slight, is committed to the sound discretion of the district court. *Tinker*, 14 F.4th at 1241; *see United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016) (emphasizing the considerable discretion a district court possesses in weighing the § 3553(a) factors).

### III.

We conclude from the record that the district court did not abuse its discretion when it denied Byrd's motion for compassionate release. The district court considered the § 3553 factors, provided sufficient analysis of those factors, and considered the parties' arguments when it found that no § 3553 factor warranted a sentence reduction or compassionate release. *Tinker*, 14 F.4th at 1241; *Taylor*, 997 F.3d at 1354–55. The district court stated that it considered each of the factors, and it explicitly mentioned that the nature and circumstances of Byrd's offense and his criminal history weighed against his release. The district court further stated that because several years remained before Byrd's sentence was completed, early release would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or deter criminal conduct. As such, the record shows that the district court performed the required analysis in concluding that the factors did not warrant relief.

Because all three conditions under 18 U.S.C. § 3582(c)(1)(A) are required for relief, we need not consider whether the remaining two conditions warranted relief, and we need not consider whether the district court abused its discretion when it found that no extraordinary and compelling reason for early release existed. *See Tinker*, 14 F.4th at 1237–38. Based on the aforementioned reasons, we affirm the district court's order denying Byrd's motion for compassionate release.

6                          Opinion of the Court                    21-11442

AFFIRMED.